315 So.2d 298 (1975)
STATE of Louisiana
v.
Donald Ray GAINES.
Nos. 55934, 55935.
Supreme Court of Louisiana.
June 23, 1975.
*299 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellant.
Lawrence R. Anderson, Jr., Newman, Duggins, Drolla & Gamble, Woodson T. Callihan, Jr., Kennon, Callihan, Wilson & Duchein, Baton Rouge, for defendant-appellee.
BARHAM, Justice.
In two separate bills of indictment returned on January 6, 1975, the defendant was charged with armed robbery and first degree murder. The East Baton Rouge Grand Jury which returned the two bills of indictment on that date had been empanelled during the latter part of 1974, pursuant to the provisions of Article VII, § 41 of the Louisiana Constitution of 1921 and Louisiana Code of Criminal Procedure Article 402, then in effect. Thus, no woman was included in the general jury venire from which the grand jury venire was selected unless she had filed with the clerk of court a written declaration evidencing her desire to serve. The record in these cases contains a stipulation that there were no women on the Grand Jury which indicted defendant.
The Louisiana Constitution of 1974, which was adopted on April 20, 1974, and became effective by its own terms at midnight on December 31, 1974 (Article XIV, § 35), did not re-establish the constitutional exemption of women from jury service provided in the 1921 constitution. Rather, the 1974 constitution prohibits laws which arbitrarily, capriciously or unreasonably discriminate on the basis of sex (Article I, § 3) and delegates to this Court the authority to provide by rule for the exemption of jurors (Article V, § 33). On October 24, 1974, this Court established Rule XXV (effective January 1, 1975) to govern the exemption of jurors; the rule contains no provision for the exclusion or exemption of women on the basis of sex. *300 Arguing the applicability of the new constitution's effective abolition of the exclusion of women from jury service, the defendant presented a motion to quash the indictments against him, based on the systematic exclusion of women from the Grand Jury which indicted him. The trial court sustained the defendant's motions and the State appeals that ruling. We must determine whether the Grand Jury's continuing conformity to the earlier provisions of law which sanctioned exclusion of women from jury service vitiates these indictments, which were returned by it after the effective date of the new constitution.
The issue we must resolve concerns the legitimacy of the composition of the Grand Jury. Although we do not deem these factors determinative in deciding this issue, we emphasize that the new constitution was adopted by the voters eight months before it was due to become effective, giving the jury commission adequate time to conform their procedures to the requirements of the new constitution. The Grand Jury which returned these bills was empanelled under the 1921 Constitution and related laws only a month or two before the new constitution was due to become effective. Additionally, we emphasize that two months prior to the effective date of the new Constitution, the Court adopted a rule pursuant to the grant of authority in La. Const. Art. V, § 33 (1974) which effectively prohibited the exclusion from the jury selection process of any qualified segment of our citizenry, including women. It is therefore clear that the Grand Jury which indicted the defendant was improperly constituted under La.Const. Arts. I, § 3 and V, § 33 (1974) and under our Rule XXV. No provision in our law operative at the time these indictments were returned would have hindered or prevented the empanelling of a legally constituted Grand Jury.
The State argues that the date of the empanelling of the grand jury, in 1974, rather than the date of the finding of the indictments, in 1975, should be determinative of the issue. If the State had shown that the Grand Jury's inquiry into these charges against the defendant commenced prior to the effective date of the 1974 Constitution, their contention that the date of the return of the indictments should not govern could arguably find support in Article XIV, § 23 of the Louisiana Constitution of 1974, which provides:
"All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles, and rights existing on the effective date of this constitution shall continue unaffected. All sentences as punishment for crime shall be executed according to their terms." (Emphasis ours.)
However, the record does not reveal that these "proceedings" commenced prior to the effective date of the new constitution and that they were therefore "existing" on that date. Thus, it is unnecessary for us to decide at this time whether that provision would legitimate grand jury proceedings begun before the effective date but culminated thereafter.
Under these circumstances we are constrained to hold that the Grand Jury which indicted the defendant was illegally constituted and that the indictments were therefore properly quashed by the trial court.
In addition to the stated basis for our holding, we believe it important to note the probable applicability to this case of the United States Supreme Court's rationale in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) and Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L. Ed.2d 790 (1975). While it is true that these cases involved attacks on the petit jury venire, we note the Supreme Court's decision in Daniel to apply the Taylor decision only to convictions obtained subsequent to the date of the decision in Taylor. The defendant in the present case has not yet been convicted. Moreover, his timely *301 challenge of the grand jury panel and the grand jury venire, by way of his motion to quash, was exercised after the date of the United States Supreme Court's decision in Taylor.
The trial court's ruling sustaining the defendant's motion to quash the indictments is affirmed.

* * * * * *
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and will assign reasons.
SANDERS, Chief Justice (dissenting).
The issue here is the legitimacy of the East Baton Rouge Parish Grand Jury that returned the indictments against defendant on January 7, 1975.
The 1974 State Constitution became effective on January 1, 1975. In my opinion, resolution of the issue is governed by Article 14, § 23 of the new constitution, which provides:
"All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles, and rights existing on the effective date of this constitution shall continue unaffected. All sentences as punishment for crime shall be executed according to their terms." (Italics mine.)
Article 7, § 42 of the Louisiana Constitution of 1921 provides that the grand juries of the parishes of Lousiana (with the exception of Cameron Parish) "shall be empanelled in each parish twice in each year, and shall remain in office until a succeeding grand jury shall have been empanelled..." See also LSA-C.Cr.P. Art. 414. Hence, the grand jury that returned the contested indictments was legally empanelled and operating within its term of service when the 1974 Constitution went into effect.
In my opinion, the empanelling of a grand jury for a term of service is a "proceeding" under Article 14, § 23 of the new constitution. Hence, the legitimacy of the grand jury was unaffected. This conclusion is fortified by Article 14, § 26, which provides that the new constitution "shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this [1974] constitution."
In the light of these transition provisions, it is difficult to understand how a grand jury legally empanelled and composed under the 1921 constitution became an illegal body during its term of service on the effective date of the new constitution.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.