324 So.2d 384 (1975)
STATE of Louisiana
v.
James LARUE.
No. 56637.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*385 Samuel P. Love, Jr., Love, Rigby, Dehan & Love, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
BOLIN, Justice.
Defendant was convicted of the crime of aggravated battery in violation of La.R.S. 14:34. He was sentenced to ten years' imprisonment. Defendant appeals, arguing seven assignments of error. We affirm.
This prosecution arose out of an altercation which took place at a bar in Sabine Parish, Louisiana. On the evening of November 21, 1974, defendant entered the bar and ordered two beers. The victim was present in the bar and he and defendant introduced themselves. Thereafter the defendant and the victim exited the bar but the victim reentered almost immediately. Shortly thereafter, defendant also returned to the bar, asking the victim why he had followed him from the bar. A discussion ensued and defendant soon struck the victim on the head. The victim attempted to hit defendant with a bar stool. It was not established whether the stool actually struck the defendant. If he was hit by the stool, defendant quickly recovered because he admitted he then administered a serious beating to the victim. The blow required extensive suturing of the victim's head and face and he was hospitalized for four days.
When arrested shortly after the incident defendant was wearing steel-toed boots. He was charged with having committed a battery with a dangerous weapon "to-wit: a boot."

*386 ASSIGNMENT OF ERROR NO. 1
On the day of trial defendant filed a motion for continuance, alleging a delay was necessary because a witness whom he had subpoenaed was not present. The trial judge denied the motion, which ruling formed the basis of the first assignment.
Defendant concedes in brief the witness whose attendance he sought was not a resident of the parish where the trial was held. He likewise admits no application for the issuance of a subpoena was made in conformity with La.C.Cr.P. art. 740. All counsel admit the continuance was refused because of this non-compliance. Nevertheless, defendant argues, the continuance should have been granted because it was customary for the Clerk of Court of Sabine Parish to issue subpoenaes for out-of-parish witnesses without a formal order from the judge. He likewise avers the witness whose attendance was sought had actual knowledge of the request for, and the existence of, the subpoena. Assuming for the sake of argument such a custom would be relevant to this issue, there is no support in the record for defendant's assertions. Nor does the record show there was knowledge on the part of the witness that she was aware of the subpoena and simply failed to come to court.
The trial court did not err in refusing to grant a continuance.

ASSIGNMENT OF ERROR NO. 2
This assignment is levelled at the trial court's refusal to quash the general and petit jury venires. The alleged basis for the motion to quash was that the venire lists were drawn on a selective basis, whereby certain persons and groups were arbitrarily, capriciously or knowingly excluded. The selection process used is alleged to have denied defendant his right to a jury representative of a fair cross-section of the community. Defendant focuses his attack on the alleged exclusion of persons between the ages of 18 and 21 and systematic exclusion of persons granted personal exemptions.
At the hearing on the motion the testimony of the clerk of court, an ex-officio member of the Jury Commission, revealed the parish-wide voter registration list being used by the Commission was for the year 1970. However, he testified more up-to-date lists received from political candidates had been used. Testimony reflects the Commission members also used the telephone directory as well as their personal knowledge of residents of the parish in selecting the general venire. While the testimony of the clerk of court reflects the Jury Commission had excluded some persons who are entitled to exemptions under Rule XXV (Rules of the Supreme Court of Louisiana), he likewise testified there were persons who were members of designated groups entitled to exemptions who had been included.
We find defendant has failed to establish fraud or that irreparable injury was caused by the method of selecting jury venires in Sabine Parish in this and related cases. Such proof is required in order to set aside a general or petit jury venire. La.C.Cr.P. art. 419. We also hold defendant has failed to establish he was deprived of his constitutional right of a general or petit jury venire representative of a fair cross-section of the community in which he was tried.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
During direct examination of a deputy sheriff the State asked the witness to tell what he observed when he arrived at the bar where the altercation occurred. The witness' reply concluded with the observation that "* * * [t]he man had obviously been dragged around in circles all over the bar room floor and chairs and tables." The defense objected to this testimony, stating, "* * * [h]e can't testify *387 to that. He wasn't there." The trial court immediately sustained the objection. The prosecutor commented, "[a] 11 right. Skip that part * * *," and the testimony of the witness proceeded without further defense objection. Defense counsel did not request the judge to admonish the jury nor did he ask for a mistrial. Defendant contends the trial judge should have taken cognizance of the extreme prejudice engendered by the witness' remark and ex proprio motu declared a mistrial. This contention is not well founded. In State v. Johnson, 261 La. 620, 260 So.2d 645 (1972), we stated:
"But be that as it may, in relying on Article 771, counsel completely disregarded the provision of the article that upon the request of the defendant or the state (emphasis added) the court shall admonish the jury to disregard a remark or comment which is immaterial and prejudicial to the defendant or the state. No request for an instruction was made in the instant case. We hold, therefore, that there is no substance in the assertion that the judge committed reversible error in failing to admonish the jury to disregard the remarks." 260 So.2d at 652.

ASSIGNMENT OF ERROR NO. 5
This assignment stems from the trial court's overruling defendant's objection to the admission into evidence of photographs of the victim's face and head. The photographs depicted wounds requiring approximately 150 to 200 sutures. Defendant contends the pictures are irrelevant and have no probative value, since they were taken four days after the beating was inflicted.
The trial judge did not abuse his discretion in overruling defendant's objection. The photographs of the victim's face showed the jury the various wounds which were shown to have been inflicted during the course of the beating. Having been introduced for the purpose of illustrating this point to the jury, the pictures were of substantial probative value. We have reviewed the photographs and have determined they were not unduly prejudicial.
This assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 6 and 7
These assignments complain of the trial court's failure to direct a verdict of not guilty on its own motion, as allowed by La.C.Cr.P. art. 778, prior to its July, 1975 amendment. Defendant contends the trial court should have directed a verdict of acquittal because there was no proof a battery had been committed and no proof a dangerous weapon had been used. The basis of this argument is that defendant was acting in self defense and that the State failed to prove he used his steel-toed boots to inflict the injury.
For a reviewing court to reverse the trial court's refusal to direct a verdict, it must appear from the record there was "no evidence" of the crime or of an essential element thereof. State v. Evans, 317 So.2d 168 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973). The issue of sufficiency of the evidence, as opposed to the question of total lack of evidence, is a matter for the jury's resolution. Our review of the record shows there was evidence establishing the attack upon the victim was unjustified and that defendant used his steel-toed boots to commit the battery upon the victim.
These assignments have no merit.

ASSIGNMENT OF ERROR NO. 8
This assignment is based on a ruling allowing the State to cross-examine the defendant about a prior criminal conviction. Defendant argues, citing La.R.S. 15:481, that this line of inquiry, designed to put his character at issue, is prohibited *388 except in rebuttal of evidence produced by defendant to show good character.
The State properly argues that under La.R.S. 15:495 evidence of a prior criminal conviction is admissible for the purpose of impeaching the credibility of a witness.
The trial court's ruling was correct and the assignment lacks merit.
Having found the assignments of error lack merit, we accordingly affirm defendant's conviction and sentence.