332 So.2d 814 (1976)
STATE of Louisiana
v.
Hugh Lee PROCELL a/k/a R. D. Procell.
No. 57350.
Supreme Court of Louisiana.
May 17, 1976.
Dissenting Opinion June 2, 1976.
Rehearing Denied June 18, 1976.
*815 John P. Godfrey, Many, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Hugh Lee Procell was charged by bill of information in May of 1975 with attempted second degree murder of Clellie Lee Batson in violation of R.S. 14:30.1. Procell was tried by jury, convicted, and sentenced to sixteen years imprisonment. From that conviction and sentence, defendant has perfected this appeal.
The single perfected assignment of error complains that the trial court erred in overruling defendant's motion to quash the information on the grounds that the jury was improperly constituted. Specifically, defendant alleges that the list from which the petit juries are chosen is not made up of names selected at random from a fair cross section of the community because all qualified citizens were not given an opportunity to be considered for jury service, in contravention of the fifth, sixth, and fourteenth amendments to the Constitution of the United States and of Articles I, Section 16 and V, Section 33 of the Louisiana Constitution of 1974.
We pretermit the question of whether the system of selecting the general venire violated defendant's rights under the federal constitution and statutory law.
The Louisiana Constitution of 1974 states that "Every person charged with a crime. . . is entitled to [an] . . . impartial trial." La.Const. art. I, § 16 (1974). This guarantee of an impartial trial continues the predecessor provision in the 1921 Constitution. La.Const. art. VII, § 41 (1921).[1] These general provisions which extend to criminal defendants the right to an impartial trial apply to the selection of the general venire by the jury commission of each parish. C.Cr.P. arts. 408, 409. Although the names of the persons which make up the general venire must be selected impartially, each of those persons may not actually have to serve on a jury because he may be exempt from jury service.[2] Before January of 1975, exemptions from jury service were granted by the Legislature. R.S. 13:3042, 13:3056; C.Cr.P. arts. 402, 403. However, the 1974 Constitution changed this system, directing that this *816 Court decide which classes of qualified[3] persons are exemptable.[4]
Specifically, the Constitution mandates that "The supreme court shall provide by rule for exemption of jurors." La.Const. art. V, § 33(B). In response to this constitutional charge, this Court unanimously passed Rule XXV, effective January 1, 1975, which states in full as follows:
"Section 1. It is the policy of this court that all litigants in Louisiana courts entitled to trial by jury shall have the right to grand, petit and civil juries selected at random from a fair cross-section of the parish wherein the district court convenes, that all qualified citizens shall have the opportunity to be considered for jury service in the district courts of Louisiana and shall have an obligation to serve as jurors when summoned for that purpose, and that no citizen shall be excluded from jury service in the district courts of Louisiana on account of race, color, religion, sex, national origin or economic status.

"Section 2. This court finds that the exemption of the following groups or occupational classes is in the public interest and, accordingly, members of such classes are exempt from jury service:
(a) Public officers in the executive, legislative, or judicial branches of the Government of the United States, or the State, or any subdivision thereof, who are actively engaged in the performance of official duties;
(b) Members in active service in the Armed Forces of the United States and members of the National Guard of this State while on active service;
(c) Members of paid fire or police departments of the State or any subdivision thereof and federal law enforcement officers;
(d) Members of the following groups when regularly and actively engaged in the practice of their professions: attorneys at law, ministers of religion, chiropractors, physicians, dentists, pharmacists and optometrists;
(e) All persons over seventy years of age;
(f) Persons who have served as grand or petit jurors in criminal cases or as trial jurors in civil cases during a period of two years immediately preceding their selection for jury service.
Section 3. Any person may waive his exemption from jury service, but the exemption is personal to him and is not a ground for challenge." (Emphasis added).
Coincident with this constitutional directive, the Legislature repealed C.Cr.P. art. 402 and amended Article 403 to provide: "Exemptions from jury service shall be as provided by rules of the Louisiana Supreme Court pursuant to Section 33(B) of Article V of the Louisiana Constitution of 1974."
Our rule was passed with the stated purpose of guaranteeing "that all qualified citizens shall have the opportunity to be considered for jury service." Under the rule certain classes of qualified citizens are granted a personal exemption from jury service. The rule directs no action on the part of the jury commissioners whose preparation of the general venire is directed by Code of Criminal Procedure Articles *817 408 et seq. Instead, as we held in State v. Gaines, 315 So.2d 298, 300 (La.1975), the rule "effectively [prohibits] the exclusion from the jury selection process of any qualified segment of our citizenry...."
In Sabine Parish, however, the rule has been used to facilitate the exclusion of segments of the population. There, the five jury commissioners attempt themselves to avoid selecting a person for the general venire whom they believe falls into one of the exemptable classes of citizens.[5] J. E. Wright, the Clerk of Court and one of the five jury commissioners, testified in response to questions as follows:
"Q. In your selection of them (the jurors), do you attempt to grant the exemptions that were set forth in the Supreme Court Orders of October 24, 1974 (now Rule XXV)?
A. Yes, sir.
Q. In other words, you don't put them in there if you know that they fall within that list of exempted persons?
A. We try not to, yes, sir, unless they waive that exemption to us and none have.
Q. In other words, they would have to waive it to you instead of to the Court, is that right?
A. That is the way we do it, yes, sir."
Thus, under the system employed in Sabine Parish, certain persons qualified to serve on juries are never given an opportunity to serve because the jury commissioners exclude their names from the general venire on the basis that they fall under exemption set out by the rule, a rule which allows them, if they choose, to serve notwithstanding the claimable exemption. This exclusion clearly contravenes the letter and spirit of the law. It means that the general venire is not selected impartially, as our constitution and statutes require, and that the general venire was improperly constituted under our Rule XXV, Code of Criminal Procedure Article 403, and Louisiana Constitutional Articles I, § 3 and V, § 33 (1974).
In order to enforce these provisions, we are constrained to reverse the conviction of defendant Procell and remand his case to the district court for retrial by a petit jury chosen from a general venire which has been selected according to law. The state argues that this Court has recently affirmed two convictions of defendants who were tried and/or indicted by juries drawn from this same general venire.[6] However well-intentioned our efforts were in attempting to ease the commissioners' change from an unlawful system of choosing the venire to a lawful system, those efforts have proved fruitless.[7] It is now clear to us that the jury commissioners have made no attempt to correct or change that system. Since we have the chief responsibility for the enforcement of the laws of this state and since the only method open to us for that enforcement is a case-by-case review of convictions, reversing those convictions gained after improper procedures, we must reverse the conviction of defendant Procell.
*818 The state also argues that defendant Procell cannot be heard to complain about the method used to choose the names in the general venire because at his trial he failed to exercise all of his peremptory challenges. It is true, of course, that if a defendant does not exhaust his peremptory challenges he cannot complain on appeal of a judge's ruling refusing to sustain a challenge for cause. C.Cr.P. art. 800. However, no such exhaustion is a prerequisite to the complaint that the selection of the names for the general venire was unconstitutional.
Although we do not base our ruling on this ground, we note that defendant makes a second argument to us to support his position that the venire was improperly constituted. He complains that the method used by the commissioners to prepare the venire does not produce a jury selected at random from a fair cross section of the community. The basis of this assertion is the fact that names for the general venire are not drawn indiscriminately from available lists, but are selected individually by the commissioners because of their personal judgment that the person selected would make a good juryman.[8] Although this personalized selection offers the opportunity for commissioners to include in the venire only special segments of the population, or to systematically exclude classes of qualified citizens, either of which would violate the fair cross section standard,[9] there is no evidence in the record before us that this is the case in Sabine Parish. In the absence of any evidence in the record supporting defendant's allegation that the jury pool did not represent a fair cross section of the community, we cannot assume such a violation. State v. Morgan, 315 So.2d 632 (La.1975); State v. Anderson, 315 So.2d 266 (La.1975).
Accordingly, for the reasons assigned, the conviction and sentence of this defendant are reversed, and the case is remanded for retrial.
SANDERS, C.J., dissents with written reasons.
SUMMERS, J., dissents with written reasons.
MARCUS, J., dissents.
SANDERS, Chief Justice (disesnting).
Article 419 of the Louisiana Code of Criminal Procedure provides:
"A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant."
Here, the testimony indicates that the Jury Commission attempted to avoid selecting exempt persons for the general venire, unless they waived the exemption. There is no showing of how many, if any, exempt persons were so excluded.
The method used here to excuse exempt persons from jury service is irregular.
*819 However, as to the present case, there is certainly no showing of fraud or great wrong, as required by the above code article. See State v. Lynch, La., 323 So.2d 781 (1975); State v. Larue, La., 324 So.2d 384 (1975).
The irregular practice can be easily corrected by a proper order from the trial court. I find no adequate basis for upsetting the conviction.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I cannot agree with the majority opinion which is in direct contravention of this Court's unanimous opinion in State v. Clifton, 247 La. 495, 172 So.2d 657 (1965), where we said:
"By his motion to quash appellant also attacks the actions of the jury commission in not including on the general venire the names of persons entitled by law to claim exemption from jury service.
"In support of this contention it is urged that by excluding persons entitled to exemptions from jury service from the general venire the due process and equal protection clauses of the state and federal constitutions are violated in that the grand and petit juries were not drawn from a cross section of the community.
"The statute creating exemptions from jury service, as it existed in November 1962 when the general venire in question was formed, permits exemption to be claimed by officers and clerks of the legislature, the governor and other officials of the State, their clerks and employees, judges, officers of the courts, attorneys-at-law, physicians, surgeons, dentists, school teachers, school bus drivers, apothecaries, fire department employees, commercial travelers, employees of common carriers, persons over sixty-five years of age, persons who had served as grand and petit jurors, telephone and telegraph operators, etc.3
3 LSA-R.S. 15:174 as amended by Act 215 of 1962.
"The jury commissioners testified that these persons were not placed upon the list of persons comprising the general venire for, by their experience, it was shown that these exemptions were invariably claimed by the persons entitled to them and because of this the process of jury selection in court was delayed by their inclusion.4 But appellant points
4 Although the jury commissioners testified to this effect, they also testified that it was possible that some persons entitled to exemptions may have been included if they were unaware of their occupations. Our review of the evidence establishes that some of the persons entitled to exemptions were included on the general venire.
out that the exemptions created by this statute are not in the nature of disqualifications of the categories therein enumerated, but, the exemptions are "* * * personal to those entitled thereto to be claimed by them alone, and the Jury Commission is not authorized by that law to bar those individuals from the jury lists.' as we declared in State v. Goree, 242 La. 886, 139 So.2d 531 (1962).
"A review of the language of LSA-R.S. 15:174 makes it quite clear that it was irregular for the jury commission to refuse to place the persons belonging to the exempted categories upon the general venire solely because they were entitled to claim exemption from jury service by that act.
"However, it has often been held that persons in this category may properly be excluded from jury service by state law without impairing the right of the accused to a jury selected from a cross section of the community when the excluded categories are such as those concerned with official public duties, health, spiritual affairs, education, legal counsel, *820 etc., as is true of those entitled to exemptions under our law. In such cases it is said that the best needs and interests of the community are served by permitting these categories to continue their services without the interruptions incident to jury service. Rawlins v. Georgia, 201 U.S. 638, 26 S.Ct. 560, 50 L.Ed. 899 (1906); 21 Tul.L.Rev. 116 (1946).
"What we found in the Goree case was that there were many Negroes in that parish but not many were qualified, and among those who were qualified many were Negro professors, school bus drivers and others who were entitled to claim exemptions from jury service. By excluding these exempted categories from the general venire, we found the jury commission thereby reduced substantially the number of qualified Negroes who' might be included on the jury lists. The accused in the Goree case were Negroes and, because of the limited number of qualified Negroes in that parish, and because no Negroes had been included on the juries for many years, we noted that the exclusion of Negroes in the exempted categories contributed substantially to the total exclusion of Negroes. This combination of circumstances, we held, established a prima facie case of systematic and intentional exclusion on the basis of race and color in direct conflict with the Constitution. The exclusion of Negroes entitled to claim exemptions only contributed to the system; it was not, in itself, the sole basis for the decision in the Goree case.
"In the case at bar it does not appear that defendant belonged to an excluded class such as was true of the Negroes in the Goree case, and, even with the exclusion of persons entitled to exemptions in the case at bar, there remained a sufficient number of qualified jurors from an adequate cross section of the parish to assure a fair and impartial trial to the accused without any evidence of discrimination against the class to which he belonged. There is nothing to indicate that inclusion of any of the exempted categories might have altered the jury verdict. Here, as our Federal Supreme Court has observed (Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1946)), we may reiterate that,
"This Court * * * has never entertained a defendant's objection to exclusion from the jury except when he was a member of the excluded class. * * * Even in the Negro cases this Court has never undertaken to say that a want of proportionate representation of groups, which is not proved to be deliberate and intentional, is sufficient to violate the Constitution.'"
I respectfully dissent.
NOTES
[1] The same guarantee, of course, is afforded to criminal defendants by the federal constitution. The United States Supreme Court has held that the sixth amendment right to an impartial jury encompasses a fundamental right to trial by a jury which is a truly representative cross section of the community. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). See Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed. 2d 83 (1972); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). This sixth amendment right applies to trials in state cases through the fourteenth amendment. Taylor v. Louisiana, supra.
[2] Of course, there are other reasons that a particular person may not be required to serve on a jury; for example, he may be challenged for cause. C.Cr.P. art. 797.
[3] A qualified citizen is one who has reached the age of majority La.Const. art. V, § 33(A) (1974) and who meets the qualifications set out by the Legislature in C.Cr.P. art. 401.
[4] It was felt that taking the responsibility for exemptions from the Legislature would lessen the power of particular interest groups to provide for their members exemptions from jury service. This change would presumably raise the number of qualified citizens available for jury service. XI Transcripts of the Constitutional Convention of 1974, 36th Convention Day, pp. 98-110.
[5] No dispute exists between the state and defense as to the method used in Sabine Parish to prepare the lists of names which make up the general venire. The state and defense have stipulated to the testimony of Elmo Langton, the Registrar of Voters for Sabine Parish, and J. E. Wright, the Clerk of Court and one of the five Jury Commissioners of the Parish. The parties likewise stipulated that the other four jury commissioners' testimony would be consistent with the stipulated testimony of Mr. Wright.
[6] See State v. Lynch, 323 So.2d 781 (La. 1975); State v. Larue, 324 So.2d 384 (La. 1975).
[7] When questioned by the court in oral argument, the prosecutor acknowledged that no changes were made nor contemplated following the general venire and petit jury selection in the cases of Lynch, Larue, and the case now under consideration.
[8] The system used in this parish is very different from the system we approved in State v. Millsap, 258 La. 883, 248 So.2d 324, 329 (1971) where we described the system used in preparing the venire in this way:

"Each of the five jury commissioners submits lists of names from which individuals are selected to supplement the general venire. These lists are, for example, telephone books, light meter lists, voter registration rolls, union memberships, employee lists of large companies, a Junior Chamber of Commerce membership roster and church memberships.
"From these lists, names are selected at random, such as every third name, and no effort is made to include or exclude any particular class. The lists contain names from all walks of life an all geographic areas. The venire is truly composed of a cross section of the eligible population, selected `impartially' in keeping with the mandate of Article 408 of the Code of Criminal Procedure."
[9] See Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); State v. Anderson, 315 So.2d 266 (La.1975) and the cases cited therein.