SANDERS, Chief Justice.
The Ouachita Parish Grand Jury indicted Barry Ballard for second degree murder in violation of LSA-R.S. 14:30.1. After a trial, the jury convicted the defendant of the crime charged. The trial court sentenced him to life imprisonment. The defendant appeals his conviction and sentence based upon the trial court’s denial of his motion in arrest of judgment.[1]
In the motion in arrest of judgment, the defendant complains that the grand jury that indicted him was improperly composed. The grand jury was chosen from a jury venire selected pursuant to the Louisiana Constitution of 1921, requiring women to volunteer for jury duty. Defendant argues that because Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), was handed down during his trial, its holding is applicable, and his conviction should be reversed because it was obtained pursuant to an unconstitutionally empanelled grand jury indictment.
The State argues that defendant’s objection to the composition of the grand jury *469 venire has not been properly raised by the motion in arrest of judgment and that the objection can only be raised by a motion to quash the indictment. A motion to quash must be filed prior to the commencement of trial. LSA-C.Cr.P. Article 535. Thus, even if the motion in arrest of judgment were treated as a motion to quash, it was not timely filed and should not be considered.
Without deciding whether the issue is properly raised, we consider it on the merits. The grand jury that indicted defendant was empanelled on October 21, 1974. The indictment was returned on October 30, 1974. On January 21, 1975, the United States Supreme Court handed down its decision in Taylor v. Louisiana, supra. In Taylor, the Court held that our former constitutional and statutory provision excepting women from jury service violated the federal constitution. However, Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), held that Taylor, as a matter of federal law, was not to be applied retroactively. Although both Taylor and Daniel involved the selection of petit juries, we have held that the rationale applies equally to the selection of a grand jury. State v. Gaines, La., 315 So.2d 298 (1975). Since the grand jury in the present case was empanelled and the indictment returned prior to the decision in Taylor, that decision is inapplicable here.
We have consistently held that Taylor v. Louisiana is not to be applied retroactively. State v. Gaines, supra; State v. Nero, La., 319 So.2d 303 (1975); State v. Rester, La., 309 So.2d 321 (1975); State v. Sonnier, La., 317 So.2d 190 (1975).
The trial court judge correctly denied defendant’s motion in arrest of judgment.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs.

. There is no assignment of error contained in the record. However, the trial court judge wrote a “Per Curiam to Assignment of Error.” We will, therefore, assume that an assignment of error was filed in the trial court, although it is not included in the record.