340 So.2d 551 (1976)
STATE of Louisiana
v.
Henry A. REID, Jr.
No. 58784.
Supreme Court of Louisiana.
Decree Rendered October 27, 1976.
Reasons for Judgment November 8, 1976.
Rehearing Denied December 2, 1976.
Concurring Opinion December 17, 1976.
Joe J. Tritico, J. Michael Veron, Lake Charles, for defendant-relator.
John M. Mamoulides, Gretna, President Louisiana Dist. Attys.' Ass'n, Pete Adams, Executive Director (Acting), Abbott J. Reeves, Metairie, Director, Research & Appeals, for amicus curiae.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, L. J. Hymel, Dennis Weber, Asst. Attys. Gen., Frank T. Salter, Jr., Dist.
*552 Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.

DECREE
For the reasons to be assigned, the ruling of the trial judge denying defendant's motions to quash is affirmed.
DIXON and DENNIS, JJ., concur.
SUMMERS, J., concurs and will assign reasons.
MARCUS, Justice.
On June 25, 1976, the grand jury for the parish of Calcasieu returned three indictments against Henry A. Reid, Jr. for the crimes of public payroll fraud and theft in violation of La.R.S. 14:138 and La.R.S. 14:67 respectively. Defendant filed motions to quash the indictments alleging, inter alia, that the manner of selection of the general venire from which the grand jury was chosen was illegal within the intendment of La.Code Crim.P. art. 533(1). The trial judge denied defendant's motions to quash, holding that the method of selection of the general venire in Calcasieu Parish was in full conformity with the law. On defendant's application, we granted a writ of review under our supervisory jurisdiction. On motion by the state for a preferential hearing, the matter was heard on October 27, 1976, after which this court rendered an order affirming the trial judge's denial of defendant's motions to quash the indictments. The reasons for this order are hereinafter set forth.
The record of the hearing on defendant's motions to quash reflects that the general venire in Calcasieu Parish is selected in the following manner. Approximately 75,000 names gathered from a variety of sources are recorded on index cards and placed in a large drum. Periodically, several hundred names are drawn from the drum and questionnaires are sent to the persons whose names appear on the cards drawn.[1] The questionnaire is designed to aid the jury commission in determining the qualifications of persons to serve as jurors and whether or not, it called for jury duty, they would claim an exemption to which they may be entitled by virtue of age, occupation or previous jury service. The cards of persons who are qualified to serve and do not claim a legal exemption are placed in a smaller drum from which the general venire is selected by the jury commission. The record indicates that the mailing out and processing of returned questionnaires is carried on under the direction of Mr. Acton Hillebrandt, clerk of court for the fourteenth judicial district court and a member of the jury commission, as required by La. Code Crim.P. art. 404. Persons failing to return questionnaires are contacted by phone or mail and instructed to complete and return the forms within ten days. Failure to comply with this request results in the issuance of a subpoena by the jury commission to compel the attendance of prospective jurors; continued noncompliance results in a report to the judge for the issuance of a citation for contempt. Questionnaires returned by the postal service as non-deliverable are followed up by the personnel of the clerk's office who attempt to ascertain the current whereabouts of the addressees. The records of the clerk's office reflect that of approximately 6,300 questionnaires sent out since the inception of the system in October, 1975, 652 have been returned unclaimed, 76 persons have been determined deceased, 59 are temporarily non-residents, 424 are non-residents, and 992 persons have been excluded for medical or professional reasons.
Defendant complains that the process of screening prospective jurors by questionnaire before their names are placed in the small drum from which the general venire is drawn is improper. More particularly, defendant contends that (1) the jury commission has no power to exclude persons from the general venire for medical or professional reasons, and (2) that as a result of such exclusions, the general venire does not *553 represent a fair cross section of the community.
The law regarding a jury commission's authority to exclude persons from the general venire for medical reasons is found in the code of criminal procedure. Among the qualifications for jury service embodied in La.Code Crim.P. art. 401 is the requirement that in order to be qualified a person must not be
. . . incapable of serving as a juror because of a mental or physical infirmity. . .. (Emphasis added.)
La.Code Crim.P. art. 408 further provides in pertinent part:
. . . the jury commission shall select impartially at least three hundred persons having the qualifications to serve as jurors, who shall constitute the general venire. (Emphasis added.)
In keeping with their authority to ascertain juror qualifications the questionnaire employed by the jury commission includes the following inquiry:
11. Are you in good health? If not, state briefly your problem.
PLEASE ENCLOSE A PHYSICIAN'S CERTIFICATE IF HEALTH PROBLEMS WOULD KEEP YOU FROM SERVING.
It is undisputed that the jury commission has the authority to exclude unqualified persons from the general venire. Inasmuch as physical infirmity is clearly a disqualification from jury service, we are of the opinion that the attempt to gather documented information by questionnaire concerning the medical condition of prospective jurors is a legitimate exercise of the authority vested in the jury commission.
Defendant suggests that the information received through this process is not used to determine juror qualifications but rather to grant advance medical excuses within the contemplation of La.Code Crim.P. art. 783, a matter reserved to the discretion of the trial judge. Had we been presented with evidence substantiating this allegation, we would be faced with a serious issue. The record before us, however, does not demonstrate that anyone has been excluded from the general venire on the basis of a medical condition not constituting a physical infirmity. We are unwilling to assume that this has been the case.
Defendant further argues that the jury commission is without authority to exclude from the general venire persons claiming a legal exemption from jury service. Pursuant to the authority granted by the Louisiana Constitution of 1974, this court passed rule 25, effective January 1, 1975, which exempts from jury duty certain classes of people otherwise qualified to serve as jurors. The rule provides as follows:
Section 1. It is the policy of this court that all litigants in Louisiana courts entitled to trial by jury shall have the right to grand, petit and civil juries selected at random from a fair cross-section of the parish wherein the district court convenes, that all qualified citizens shall have the opportunity to be considered for jury service in the district courts of Louisiana and shall have an obligation to serve as jurors when summoned for that purpose, and that no citizen shall be excluded from jury service in the district courts of Louisiana on account of race, color, religion, sex, national origin or economic status.
Section 2. This court finds that the exemption of the following groups or occupational classes is in the public interest and, accordingly, members of such classes are exempt from jury service:
(a) Public officers in the executive, legislative, or judicial branches of the Government of the United States, or the State, or any subdivision thereof, who are actively engaged in the performance of official duties;
(b) Members in active service in the Armed Forces of the United States and members of the National Guard of this State while on active service;
(c) Members of paid fire or police departments of the State or any subdivision thereof and federal law enforcement officers;

*554 (d) Members of the following groups when regularly and actively engaged in the practice of their professions: attorneys at law, ministers of religion, chiropractors, physicians, dentists, pharmacists and optometrists;
(e) All persons over seventy years of age;
(f) Persons who have served as grand or petit jurors in criminal cases or as trial jurors in civil cases during a period of two years immediately preceding their selection for jury service.
Section 3. Any person may waive his exemption from jury service, but the exemption is personal to him and is not a ground for challenge.
In State v. Procell, 332 So.2d 814 (La. 1976), we held that the general venire selection process employed by the Sabine Parish jury commission contravened this rule in that the commissioners automatically excluded from the general venire all exempt persons, without affording them the opportunity to waive their exempt status as provided in section 3. In the instant case, however, no one has been automatically deprived of the right to serve as a juror by virtue of an exempt status. Only those persons who return their questionnaires affirmatively claiming a lawful exemption are excluded from the general venire.
Since the list of exempt classes is exclusive and the right to claim an exemption absolute, it is clear that, whether performed by a judge or a jury commission, the act of excluding an exempt person from the general venire is a purely ministerial function. While the code of criminal procedure in enumerating the duties of the jury commission does not expressly authorize the performance of this function, neither does it by direction or implication prohibit it. This court has recognized in the passage of its new rule concerning the selection and constitution of a general venire[2] that the jury *555 commission is an appropriate body to exclude the names of those claiming lawful exemptions. Moreover, we have specifically authorized a questionnaire process for ascertaining qualifications and claimed exemptions.[3] We are unable to hold, therefore, that the actions of the Calcasieu Parish jury commission in excluding from the general venire persons claiming lawful exemptions are illegal.
It is a matter of some concern, nevertheless, that the record reflects a failure to return the cards of persons excluded from the general venire for medical or professional reasons to the large drum. Inasmuch as physical infirmities may in certain cases be temporary and since persons claiming an exempt status may, at a later date, either no longer be eligible for exemption or choose not to claim their exemption, the names of such persons should not be permanently removed from the list of potential jurors. It is well settled, however, that a general venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant. La.Code Crim.P. art. 419. Defendant in this case does not even suggest that there has been fraud in the selection of the general venire; nor has he demonstrated wherein he has suffered any injury from the manner of selection or the constitution of the general venire. Hence, we decline to upset the general venire on this basis.
Finally, regarding defendant's contention that the general venire does not constitute a fair cross section of the community, we note that the record is totally devoid of any evidence suggesting the systematic exclusion of any class of people who are not either disqualified from jury service by law or exempt by rule of this court. Accordingly, we find no merit in this contention.
For the foregoing reasons, this court rendered the following order on October 27, 1976:
For the reasons to be assigned, the ruling of the trial judge denying defendant's motions to quash is affirmed.
DIXON, J., concurs.
SUMMERS, J., concurs in the result only and will assign reasons.

Appendix to follow.
*556
 APPENDIX TO THE OPINION OF THE COURT
 QUESTIONNAIRE AS TO QUALIFICATION FOR JURY DUTY
 The Judges of the 14th Judicial District Court have ordered that these questions be answered and
 this questionnaire mailed to the Calcasieu Parish Jury Commission within 10 days from the date of
 receipt. If you fail to do so you will be subpoenaed to appear at the Jury Commission office to
 answer same.
 1. Print name (in full) ______________________________________________________________________
 2. Residence address_____________________________________________________ Phone No_________
 3. City, Town or Post Office________________________________________________________________
 4. How long have you resided in Calcasieu Parish?___________________________________________
 5. Sex_______________Date of birth: (month)__________________(day)___________(year) _________
 6. What education have you had?_______________________________________________________________
 7. Can you read, write and speak the English language?________________________________________
 8. What is your occupation?____________________________________________________________________
 9. Have you ever been convicted of a felony offense?___________________________________________
 If so, what?_____________________________________________________
 10. Do you have any criminal charge pending against you at this time?______________________________
 If so, what?______________________________________________
 11. Are you in good health?____________________________________________If not, state briefly your
 problem______________________________________________________________________________________
 PLEASE ENCLOSE A PHYSICIANS CERTIFICATE IF HEALTH PROBLEMS WOULD KEEP
 YOU FROM SERVING.
 The following persons may be excused from jury service if they so request. You may waive the
 excuse and serve, if you wish.
 1. Public officers actively performing duties in the Federal or State government or any subdivision
 thereof.
 2. Members on active duty of the Armed Forces or La. National Guard.
 3. Members of paid fire or police departments and federal law enforcement officers.
 4. Persons actively practicing as attorneys at law, ministers of religion, chiropractors, physicians,
 dentists, pharmacists and optometrists.
 5. Persons more than seventy years of age.
 6. Persons who have served as grand, petit or civil jurors in the past two years.
 Do you come under any of the above excuses?____________________________________________________
 If so, state___________________________________________________________________________________
 Would you claim this excuse if called for jury duty?___________________________________________
 DATE:_________________________________ _____________________________________
 Sign your name
 If you have any questions regarding this questionnaire call the Calcasieu Parish Jury Commission.
 Phone: (318)433-8047.
SUMMERS, Justice (concurring).
The Court concludes that, in discharging its function of selecting prospective jurors for inclusion on the jury venire, the jury commission was free to delegate that responsibility to employees in the clerk of court's office. These delegates, upon the basis of unverified responses to a questionnaire, peremptorily exempted prospective jurors from jury service. In approving this procedure the Court has sanctioned a practice that effectively excludes the trial judge *557 from any participation in deciding whether a prospective juror is qualified or entitled to an exemption. In doing so the Court has acted contrary to established authority. See La.Code Crim.Pro. arts. 401, Comments (d), (f) (1966), 783 and 787; cf. State v. Vassel, 285 So.2d 221 (La.1973).
A ministerial function is one which requires no exercise of judgment or discretion. See Hood Motor Company, Inc. v. Lawrence, 320 So.2d 111 (La.1975). Determining who is exempt from jury service is not a ministerial function as the Court holds. Therefore, a juror's health is not a matter the determination of which the jury commission is authorized to delegate to personnel in the clerk of court's office; nor is it a ministerial function.
While I find the Court to be in error on this important issue, no showing is made that prejudice resulted in this case to the accused or that the error warrants reversal. There remained, after the exemptions granted in this case, a substantial and adequate number of prospective jurors to form the venire from a fair cross-section of the community. No purposeful or systematic discrimination was shown which would destroy or otherwise impugn the character of this fair cross-section. State v. Jack, 285 So.2d 204 (La.1973). See also State v. Baggett, 292 So.2d 201 (La.1974); State v. Leichman, 286 So.2d 649 (La.1973). I therefore concur.
NOTES
[1] See the appendix to the opinion of the court for a copy of this questionnaire.
[2] The following changes and additions to rule 25 are effective January 1, 1977:

RULE XXV. EXEMPTION OF JURORS
Section 2. This court finds that the exemption of the following groups or occupational classes is in the public interest and, accordingly, members of such classes are exempt from jury service:
(a) Public officers in the executive, legislative, or judicial branches of the Government of the United States, or the State, or any subdivision thereof, who are actively engaged in the performance of official duties;
(b) Members in active service in the Armed Forces of the United States and members of the National Guard of this State while on active service;
(c) Members of paid fire or police departments of the State or any subdivision thereof and federal law enforcement officers;
(d) Members of the following groups when regularly and actively engaged in the practice of their professions: attorneys at law, ministers of religion, chiropractors, physicians, dentists, pharmacists and optometrists;
(e) All persons over seventy years of age.
. . . . .
Section 4. The jury commission shall not include in, and shall delete from, the general venire the names of those persons who have served as grand or petit jurors in criminal cases or as trial jurors in civil cases during a period of two years immediately preceding their selection for jury service. However, if the name of such a person is included in a general venire, that person may claim an exemption from jury service or may waive the exemption.
RULE XXVI. CONSTITUTING A GENERAL VENIRE
Section 1. Definitions. As used in this rule the following words are defined as hereafter indicated.
(a) Qualified. A person who meets all of the requirements of C.Cr.P. Art. 401.
(b) Excluded. A qualified person who is not subject to jury service by reason of prior service as set forth in C.Cr.P. Art. 410 and Supreme Court Rule XXV, Section 4.
(c) Exempt. A qualified person who is in any one of the groups or occupational classes described in Supreme Court Rule XXV, Section 2.
(d) Excused. A qualified person as to whom the court determines that jury service would result in undue hardship or extreme inconvenience in accordance with C.C.P. Art. 1767, as amended, or C.Cr.P. Art. 783, as amended.
Section 2. Duties of the Jury Commission.
(a) The Jury Commission shall impartially select a general venire composed of all qualified persons, except:
(i) Those who are classified as excluded.
(ii) Those who are exempt and who, having been so advised, choose to claim the exemption.
(iii) Those who are timely excused by the court.
(b) Qualification, as well as those above stated exceptions in paragraph (a)(i), (ii), and (iii), may be ascertained by the jury commission on the basis of verified documented information available to it at the time of selection of the general venire.
(c) Unless such verified documented information is available to the jury commission at the time of impartially selecting, revising or supplementing a general venire, all persons randomly chosen shall, not to exceed the required number, be impartially selected as the general venire.
(d) Alternatively, the jury commission may determine qualification as well as the exceptions set forth in (a) above, on the basis of verified information obtained by means of an appropriate written questionnaire mailed to each person under consideration for impartial selection, revision or supplementation of a general venire.
Section 3. Subsequent selection, revision or supplementation.
(a) Persons who have previously been eliminated from selection for a general venire based on verified information at that time shall not again be automatically eliminated because of that fact.
It should be noted that the new rule does not empower the jury commission to grant excuses, as that term is defined in Section 1(d). Section 2(d), which outlines a questionnaire system for ascertaining qualifications for, and exclusions, exemptions and excuses from jury service, authorizes the commission to exclude from the general venire by excuse only those persons who have been previously excused from jury service by the court.
[3] The rulemaking authority of this court is granted in La.Const. art. 5, § 5(A) (1974) which provides that the supreme court has general supervisory jurisdiction over all other courts and may "establish procedural and administrative rules not in conflict with law . . .." (Emphasis added.)