351 So.2d 493 (1977)
STATE of Louisiana
v.
David Hill LAWRENCE.
No. 59646.
Supreme Court of Louisiana.
October 10, 1977.
Rehearing Denied November 11, 1977.
*494 Henry H. Lemoine, Jr., Wilbert J. Saucier, Jr., Pineville, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., William E. Tilley, First Asst. Dist. Atty., Edwin L. Cabra, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Defendant, indicted by the Vernon Parish Grand Jury for second degree murder, filed a motion to quash the indictment attacking the procedure used in selecting the grand jury. The trial court, after hearing, denied the motion. We granted supervisory writs to review the correctness of the trial court's ruling. State v. Lawrence, 345 So.2d 54 (La.1977).
Testimony from the trial of the motion to quash indicates that the Vernon Parish jury venire is compiled in the following manner. The registrar of voters forwards a list of registered voters to the chairman of the jury commission. This list is supplemented periodically with the names of new registrants. The names on the list are transferred to index cards which are placed in a rotating drum. From this drum cards are drawn and questionnaires sent to each individual. The questionnaires are designed to determine the qualifications of the prospective juror and whether he desires to exercise any exemption available to him. After screening the questionnaires, the jury commission places the names of those remaining in a "hold box" from which the venire is selected.
Assignment of Error No. 1
Defendant asserts that the trial court erred in refusing to quash the indictment on grounds that the jury commission excluded persons they knew to fall within an exempted class without affording the prospective juror the opportunity to waive the exemption.
This court, pursuant to the authority granted by La.Const. art. V, § 33(B), adopted Supreme Court Rule 25, establishing groups of persons exempt from jury service. This rule provides:
"Section 1. It is the policy of this court that all litigants in Louisiana courts entitled to trial by jury shall have the right to grand, petit and civil juries selected at random from a fair cross-section of the parish wherein the district court convenes, that all qualified citizens shall have the opportunity to be considered for jury service in the district courts of Louisiana and shall have an obligation to serve as jurors when summoned for that purpose, and that no citizen shall be excluded from jury service in the district courts of Louisiana on account of race, color, religion, sex, national origin or economic status.
Adopted Oct. 24, 1974, effective Jan. 1, 1975.
"Section 2. This court finds that the exemption of the following groups or occupational classes is in the public interest and, accordingly, members of such classes are exempt from jury service;
(a) Public officers in the executive, legislative, or judicial branches of the Government of the United States, or the State, or any subdivision thereof, who are actively engaged in the performance of official duties;
(b) Members in active service in the Armed Forces of the United States and members of the National Guard or this State while on active service;
(c) Members of paid fire or police departments of the State or any subdivision thereof and federal law enforcement officers;
(d) Members of the following groups when regularly and actively engaged in the practice of their professions: attorneys at law, ministers of religion, chiropractors, physicians, dentists, pharmacists and optometrists;
(e) All persons over seventy years of age.
Adopted Oct. 24, 1974, effective Jan. 1, 1975.

*495 "Section 3. Any person may waive his exemption from jury service, but the exemption is personal to him and is not a ground for challenge.
Amended Oct. 14, 1976, effective Jan. 1, 1977.
"Section 4. The jury commission shall not include in, and shall delete from, the general venire the names of those persons who have served as grand or petit jurors in criminal cases or as trial jurors in civil cases during a period of two years immediately preceding their selection for jury service. However, if the name of such a person is included in a general venire, that person may claim an exemption from jury service or may waive the exemption.
Added Oct. 14, 1976, effective Jan. 1, 1977."
Defendant argues that the procedure employed by the Vernon Parish Jury Commission in dealing with persons who fall within an exempted class is identical to that held invalid in State v. Procell, 332 So.2d 814 (La.1976). In Procell we held that the Sabine Parish Jury Commission acted in contravention of Rule 25 and its constitutional underpinnings when it excluded persons who were members of exempted classes without affording them the opportunity to waive the exemption.
In the present case, the testimony of the four jury commissioners who appeared at the hearing on the motion to quash is in conflict. Commissioners G. W. Bass and F. E. Hernandez testified that prospective jurors were not excluded unless they indicated on the questionnaire that they chose to exercise their exemption. Commissioner N. B. Mayo, on the other hand, stated that "all lawyers, or judges, or what have you," are excluded from the venire. Commissioner W. C. Turner, when asked if the commission did all the exempting, stated, "Yes sir. They are automatically exempt, thoughlawyers and school bus driversthey automatically exempt."
Supreme Court Rule 26, § 2(a) provides:
"(a) The Jury Commission shall impartially select a general venire composed of all qualified persons, except:
(i) Those who are classified as excluded.
(ii) Those who are exempt and who, having been so advised, choose to claim the exemption.
(iii) Those who are timely excused by the court."
Thus, if the testimony of Commissioners Bass and Hernandez is accepted as true, the practice of excluding from the venire those prospective jurors who chose to exercise their exemption would not be improper. (See State v. Reid, 340 So.2d 551 (La.1977).
Being cognizant of the limitations upon this court's scope of review imposed by Art. 5, § 5(C) of the La.Const. and of the trial judge's better capacity to evaluate the demeanor of the witnesses, we are not prepared to hold that, as a matter of law, the trial court erred in denying the motion to quash on this ground.
The assignment is without merit.
Assignments of Error Nos. 2 and 3
Defendant contends that the Vernon Parish Jury Commission practice of selecting the venire exclusively from the voter registration rolls systematically and arbitrarily excluded a substantial portion of the parish population, i. e. military personnel.
In State v. Daigle, 344 So.2d 1380, 1390 (La.1977), we expressed our concern over the propriety of using voter registration lists as the single source from which the jury venire is compiled. We held, however, that ". . . we cannot say that the use of voter lists without any showing in the record of any discrimination against a class of people establishes that the jury pool did not represent a fair cross-section of the community."
Assuming military personnel to be a distinct class of people, the record fails to reflect their systematic or arbitrary exclusion. The registrar of voters of Vernon *496 Parish testified that the only prerequisites to being included on the voter registration rolls are thirty days residence in the parish and completion of the application form. While the occupation of the voter is not determinable from the application, the registrar testified that she specifically remembered uniformed military personnel returning applications. Thus the only class excluded from consideration by the jury commission are those persons qualified as prospective jurors who are not registered to vote, a class without any distinguishable, common characteristics.
The defendant, while possessed of the right to be indicted by a grand jury chosen from a fair cross-section of the community, does not have the right to a grand jury reflecting with mathematical precision the composition of the community. State v. Anderson, 315 So.2d 266 (La.1975); State v. Millsap, 258 La. 883, 248 So.2d 324 (1971).
Because the defendant failed to demonstrate the systematic exclusion of any identifiable segment of the community, this assignment is without merit. State v. Daigle, supra; State v. Taylor, 347 So.2d 172 (La.1977); State v. Jones, 332 So.2d 461 (La.1976).
For the foregoing reasons, the ruling of the trial court denying defendant's motion to quash is affirmed and the case remanded for further proceedings.
TATE and CALOGERO, JJ., were of the opinion that a rehearing should be granted.