PER CURIAM
Stay lifted. Writ granted. Defendant has shown that, under the system employed in East Baton Rouge Parish, persons born after June 2, 1993, otherwise *586 qualified to serve on the jury, were never given an opportunity to serve, because their names were excluded from the general venire as a result of a significant error in the process by which the general venire was composed. That exclusion resulted in a general venire that was improperly constituted under Code of Criminal Procedure articles 401 etseq. and Louisiana Constitutional Articles I, § 3 ("No person shall be denied the equal protection of the laws.") and V, § 33 ("A citizen of the state who has reached the age of majority is eligible to serve as a juror within the parish in which he is domiciled."). Accordingly, we grant defendant's application to reverse the rulings of the courts below, grant defendant's motion to quash the general venire, and remand to the district court for further proceedings so that a petit jury can be chosen from a general venire that is selected according to law. See State v. Jacko , 444 So.2d 1185 (La. 1984) ; State v. Procell , 332 So.2d 814 (La. 1976).
Guidry, J., concurs in the result and assigns reasons.
Given the unique posture and circumstances of this case, I agree that commencing jury selection from a newly-constituted venire is prudent, both out of an abundance of caution and to prevent a possible waste of judicial resources. Notwithstanding, this court, in my view, has not been directed to any constitutional provision or jurisprudence, whether federal or state, that would mandate quashing the general jury venire because of a software glitch that unintentionally excluded potential jurors born after June 2, 1993, and I withhold my judgment on that issue.