
Albert Charles McMILLON,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 75–1926.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1975.

Laird Palmer, Austin, Tex., for petitioner-appellant.

Max P. Flusche, Jr., Asst. Atty. Gen., State of Texas, Joe Dibrell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and RIVES and GEE, Circuit Judges.

GEE, Circuit Judge:

This case presents a factual situation unlikely to recur. Appellant McMillon seeks habeas relief from a narcotics conviction on due process grounds because the foreman of the convicting jury was a lawyer with whom both he and his family had previously discussed the facts of his case. The attorney had visited appellant in jail to discuss his case [1] at the request of appellant's mother, but was ultimately not retained. Although appellant recognized her during jury selection, he never informed his trial attorney. The foreman-lawyer testified that she did not then and does not now remember ever meeting McMillon. The trial court found that she was not prejudiced against appellant and refused to grant habeas relief.

In this circuit a party attacking the integrity of a jury on the ground of a juror's prejudice must prove that prejudice by a preponderance of the evidence. *United States v. Cashio*, 420 F.2d 1132 (5th Cir.), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 420

---

1. And hear him insist on his innocence.

(1970).[2] The trial judge found that McMillon failed to show prejudice, and we think the evidence supports that finding.[3] Appellant would have us adopt a per se rule of prejudice, but we refuse to do so, holding only that on the facts of this case the lower court's ruling was not clearly erroneous.[4]

Affirmed.

---

2. *See also Williams v. United States,* 418 F.2d 372 (10th Cir. 1969), recognizing that a court may presume inherent prejudice as a matter of law if the party alleging prejudice shows a juror's actual bias or intentional withholding of facts. The Sixth Circuit case of *United States v. Ferguson,* 486 F.2d 968 (6th Cir. 1973), on which appellant relies, is inapplicable because it involved improper communication with a juror during trial, while our case involves no such misconduct.

3. The foreman insisted that she based her decisions as a juror solely on the facts adduced at trial. She was the only juror to vote for acquittal (later changing her vote) and, in the punishment stage, the first to recommend probation.

4. We note that neither judge, prosecutor, trial defense counsel, nor juror can be faulted in this case; defendant alone, by speaking out, could have prevented this juror from being empaneled.