**William STIMACK and Ronald Mustari, Petitioners-Appellees,**

v.

**STATE OF TEXAS and W. J. Estelle, Jr., Director, Texas Department of Corrections, Respondents-Appellants.**

No. 76–1732.

United States Court of Appeals, Fifth Circuit.

March 11, 1977.

John L. Hill, Atty. Gen., John Pierce Griffin, Asst. Atty. Gen., Austin, Tex., for respondents-appellants.

Michael P. Haines, Lawrence D. Tackett, Houston, Tex., for petitioners-appellees.

Before GODBOLD, SIMPSON and GEE, Circuit Judges.

PER CURIAM:

Petitioners, having exhausted state remedies, sought habeas corpus on grounds that jury tampering and prosecutorial misconduct denied them rights guaranteed by the Fifth, Sixth and Fourteenth Amendments.

The prosecutor introduced himself on voir dire as a member of the "organized crime division" and in closing argument referred to the evidence as presenting "the tip of an iceberg." During the trial, several jurors received telephone calls from a male who identified himself as counsel for the defense. The caller then stated that if the jury did not return a verdict of "not guilty" he would be killed by the Mafia.[1] At the evidentiary hearing two jurors testified that the prosecutor's statements, together with these telephone calls, caused them to view the petitioners more severely than

---

1. The trial court, though instructing the jury to avoid extraneous matter and communications, gave them no clear guidance about what to do in such an event as this, when such matter was thrust upon them. At least one attempted to communicate it to the prosecutor, but whether the message got through is unclear.

they would otherwise and as perhaps connected with organized crime.

The district court granted the petitioners' application for writ of habeas corpus, specifically finding that the errors complained of gave the jury the impression that petitioners were involved in organized crime. He also found that the errors were not harmless beyond a reasonable doubt but that, on the contrary, the errors prejudiced the petitioners by influencing the jury's decisions on both guilt and punishment. The State of Texas appeals the grant of habeas relief on two main grounds: (1) a juror may not impeach his own verdict; and (2) the errors, if any, were harmless beyond a reasonable doubt.

The state's invocation of the general rule that a juror may not impeach his verdict, e. g., McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915), overlooks the well-established exception which authorizes juror testimony "as to any fact showing the existence of an extraneous influence." Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892). See also United States v. Howard, 506 F.2d 865 (5th Cir. 1975). Thus, the testimony of the jurors in the instant case about facts showing the "extraneous influence" of the caller was properly admitted and considered by the judge below.

The state's contention that any error was harmless beyond a reasonable doubt is also without merit. The district court specifically found that the errors were not harmless beyond a reasonable doubt, and the state has failed to show that finding clearly erroneous. It is true that the evidence against petitioners was strong, but it is also true that they were entitled to have it considered by a jury free of such influences as we have set out. These, in combination, may well have produced just such a synergistic effect as the jurors related and the trial court discerned.

AFFIRMED.