Chester Terrell DURR, Petitioner,

v.

George COOK, Sheriff, Sabine Parish, Louisiana, Respondent.

Civ. A. No. 770816.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Dec. 28, 1977.

Henry C. Gahagan, Jr., Gahagan & Gahagan, Natchitoches, La., for petitioner.

James Lynn Davis, Dist. Atty., Eleventh Judicial District, State of La., Many, La., for respondent.

## RULING

DAWKINS, Senior District Judge.

Chester Terrell Durr, through retained counsel, has filed here a petition for a writ of *habeas corpus*. On August 1, 1977 we directed the State, through its District Attorney for the Eleventh Judicial District, Sabine Parish, Louisiana, to file with us the complete certified record in this matter, within twenty (20) days in order that we further might consider petitioner's allegations, pursuant to Rules 4 and 5 of 28 U.S.C. § 2254.

■ That record, together with a response, a brief, minutes of court, the various pleadings, the transcript of an evidentiary hearing conducted as to one of the contentions made by petitioner, the ruling by the trial court, the briefs filed with the Louisiana Supreme Court, and the decision by that Court, now have been received, showing petitioner has exhausted his remedies through the State Judiciary. *State of Louisiana v. Durr*, 343 So.2d 1004 (1977, Reh. Den. April 7, 1977).

Consequently, we are authorized to entertain his petition. *Francisco v. Gathright*, 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974); *Graves v. State of Louisiana*, 472 F.2d 1191 (5th Cir., 1973); *Lee v. Wainwright*, 468 F.2d 809 (5th Cir., 1972); and *Brown v. Allen* (1953), 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

■ We may resolve the merits of this *habeas* application upon the basis of the state court record. This provides petitioner with the equivalent of a full and fair evidentiary hearing. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; *Dempsey v. Wainwright*, 471 F.2d 604 (5th Cir., 1973), cert. den. 411 U.S. 968, 93 S.Ct. 2158, 36 L.Ed.2d 690.

Durr alleges the following grounds for his contention that he is detained unlawfully:

A. He was denied his right to be confronted by a witness against him, *viz*: The jury foreman, who, outside of the presence of any court official, went to a local automobile dealership, borrowed a similar pickup truck to that of the victim, and reenacted the homicide from testimony received at trial, returning this information to the other members of the jury during their deliberations prior to returning a verdict.

B. That selection of the general venire composing the grand and petit juries was unconstitutional, as so held by the Louisiana Supreme Court, *State v. Procell*, 332 So.2d 814.

We carefully have reviewed the record, the findings made by the trial judge and the State Supreme Court, as well as the transcript in the record. The facts are disputed and are set forth fully in that Court's decision. This shows that, at approximately 8:30 P.M. September 10, 1975, defendant proceeded to a country road where the victim, Sammie Mitchell, was parked in his pickup truck sitting under the steering wheel. Next to him was defendant's wife, and next to her was her sister with a child in her lap. Defendant and his wife had been separated for several months. As he approached the passenger side of the truck he talked to his wife who indicated she would not return home. Defendant, claimed that Sammie Mitchell reached toward the back of the cab for a rifle and started to exit the pickup. Defendant immediately shot several times into the cab of the truck, killing Mitchell. An indictment was returned against him on February 13, 1976, charging him with violating the provisions of L.S.A.–R.S. 14.30.1, in that he committed second degree murder of Sammie A. Mitchell (a felony) contrary to the law of Louisiana.

Subsequently, defendant was tried to a jury, was convicted, and on March 18, 1976 was sentenced to life imprisonment without benefit of parole for a period of twenty years.

After trial and prior to sentence, defendant timely moved for a new trial, alleging contentions A and B. An evidentiary hearing was conducted as to his contention A,

and after hearing the witnesses testify, the trial judge made rulings and, subsequently, the State Supreme Court was presented with the same two contentions. It affirmed his conviction and sentence.

As to petitioner's contention B, this was presented to the Court in Assignment of Error No. 2. That court held that, by reason of petitioner's failure to file a timely motion to quash prior to trial, he had lost his right to contest the validity of the composition of grand and petit juries. Several cases were cited by the Court to substantiate its ruling. We agree. Petitioner contends he was unaware of the Supreme Court's ruling in *State v. Procell*, 332 So.2d 814 (1976, reh. den. June 18, 1976). He contends this case was remanded by Louisiana's highest Court, since the jury venire in Sabine Parish had been drawn in violation of the Louisiana Constitution. The Court held, however, that this ruling would not be applied retroactively but would be prospective only and that any cases after *Procell* should be handled in accord with the Louisiana Constitution. This same contention was presented to that Court in *Larue v. State*, 336 So.2d 871, which was decided September 8, 1976. The Court held that *Procell* was not to be applied retroactively. Subsequently, Larue filed a petition for a writ of *habeas corpus* in this Court, making the same contention, which we decided adversely to him on November 11, 1976 in our Civil Action No. 761016.

In his motion for a new trial, petitioner presented his contention A to the trial court and an evidentiary hearing was conducted (Tr. 281–306). The trial judge seemed sympathetic to petitioner's position in regard to this contention, but held that since, under Louisiana law, a member of a jury could not be called upon to impeach his verdict, he had to sustain an objection by the District Attorney and not permit a member of the jury, in this instance, its foreman, to testify in regard to anything he might have done outside of the courtroom in the way of obtaining evidence. The other witness who testified told what he actually saw the foreman of the petit jury do at

his dealership in borrowing a pickup truck similar to that of the victim except for the year model, and went through all the motions as testified in court before the jury concluded its deliberations.

The jury returned a verdict of guilty by a 10–2 vote. This contention by petitioner is covered in Assignment of Error No. 1, ruled upon by the Louisiana Supreme Court. The majority held that La.R.S. 15:470 precludes a grand or petit juror from giving evidence to impeach any indictment or any verdict found by the body of which he was a member. On this basis, the Court held that no impropriety had been proven and that the trial judge had not abused his authority in not allowing the foreman of the convicting jury to testify, and in disallowing petitioner's witness as to the actions taken by the foreman to relate what the foreman told him when he came to his place of business.

In affirming, the decision by the Supreme Court was by a 4–3 majority. The minority, however, would have reversed and remanded the case for a new trial, based upon the actions of the foreman, reasoning that this was a violation of the Sixth Amendment, as applied to the State through the Fourteenth Amendment to the Constitution of the United States.

Both the trial court and the State Supreme Court concede, without acknowledging, that the testimony of petitioner's witness on the motion for a new trial established that the foreman had reenacted the crime, and told the other jury members about his results. This amounted to taking the truck into the juryroom and having it available in deliberations by that body before reaching its verdict of guilty. The dissenting justices cited *People v. DeLucia*, 20 N.Y.2d 275, 282 N.Y.S.2d 526, 229 N.E.2d 211 (1967). There it was found that three members of the petit jury, in their deliberations, went to the scene of the crime and reenacted it. It was held that this was a violation of the Sixth Amendment, as held in *Parker v. Gladden*, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966). Also cited was *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), holding that the

Sixth Amendment proviso for an impartial jury trial is applicable to the State.

We have also read the jury charge given by the trial judge, Tr. 335 through 346. Its tenor is that the jury must consider only such evidence as had been adduced in open court in reaching a verdict. The jury also was instructed that any verdict reached must be with a majority of ten members of the body of twelve. In *De Lucia, supra*, those petitioners had filed their application for a writ of *habeas corpus* in the United States District Court, which had dismissed it. On appeal, the Second Circuit set forth the applicable law and remanded the case to the United States District Court to dismiss the petition without prejudice so that the State appellate court again could consider the petition after the ruling in *Parker v. Gladden, supra*. *United States ex rel. De Lucia v. McMann*, 373 F.2d 759 (2nd Cir., 1967). It held further that the case should be dismissed without prejudice, so that, if petitioners were denied a new trial, they again could present their petition to the United States District Court.

We agree with petitioner's contention A, that the actions of the jury foreman constitutionally were impermissible, and amounted to evidence being introduced without knowledge or consent of the court and without defendant or the State being able to contest, or make inquiry, as to the evidence thus adduced. This is one of the basic rights enunciated by the Sixth Amendment. In *Bowles v. Texas*, 366 F.2d 734 (5th Cir., 1966), the Court affirmed denial by the District Court of petitioner's *habeas corpus* application but held that "a jury that is free from influence outside the courtroom is essential to a fair and impartial trial."

This is a fundamental right guaranteed by the Constitution. *McAllister v. Allgood*, 249 F.Supp. 408 (E.D.La.1966). There writs were granted when it was shown that deputy sheriffs who testified against defendant in court were in charge of the jury. It was held that defendant was deprived of a fair trial before an impartial tribunal. The defendant there had been convicted and sentenced to the electric chair, but was afforded a new trial because of the misconduct described, which constitutionally was impermissible.

The conviction of Calley was upheld in *Calley v. Callaway*, 519 F.2d 184 (5th Cir., 1975), Cert. Den. 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760. However, that court held further that "an important prerequisite of a fair and impartial jury is the requirement that the jury's verdict be based on evidence received in open court, not from outside sources." The right properly to cross-examine by the attorney for the defendant is fundamental and guaranteed by the Sixth Amendment. This also was held in *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). This right to cross-examination also was upheld in an earlier decision by the Louisiana Supreme Court in *State v. Senegal*, 316 So.2d 124 (1975), citing *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *Pointer v. Texas, supra*. Also cited in *Pointer* was *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424. There it was held that "in the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel."

The Supreme Court, in guaranteeing a defendant his right under the Sixth Amendment, as applied to the States through the Fourteenth Amendment, has held that in all evidentiary matters or others presented to the jury while that body is deliberating, a defendant has the right to be in the courtroom upon any evidence being presented to the jury. *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975).

We conclude, therefore, that a fundamental right guaranteed by the Sixth Amendment has been denied to petitioner here; and accordingly:

IT IS ORDERED that his conviction and sentence be vacated and set aside, and that he be retried within One Hundred Twenty

days (120 days), or we shall order his release.