**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel Adam BENEDETTI,
Defendant-Appellant.**

No. 78–5060.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1979.

Rehearing Denied Feb. 9, 1979.

John L. Briggs, U. S. Atty., Jacksonville, Fla., A. Thomas Mihok, Wilbur V. Chaney, Asst. U. S. Attys., Orlando, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and FAY, Circuit Judges.

PER CURIAM:

Conviction for conspiracy to distribute, and distribution, of cocaine.

During voir dire the prosecutor asked the jurors in the box if they had friends or acquaintances on the jury panel. Juror Mrs. Lord, in the box, did not respond. After challenges, Mrs. Covington came into the box, and after more challenges the question was repeated, this time directed to panel members who had been brought into the box after Mrs. Covington. Thus the question was never specifically directed to Mrs. Covington.

Both Mrs. Lord and Mrs. Covington survived the selection process and served as jurors. During trial, after close of testimony but before the jury charge, a person on the jury venire but not on the jury told court personnel that two members of the jury knew each other. This information was passed on to the judge and counsel. Defense counsel requested that no inquiry into the matter be made until after verdict. The government desired that inquiry be made at once and pointed out that defendant should be required to choose whether he wanted a mistrial rather than being permitted to gamble on a verdict before deciding whether to make inquiry. The court chose to wait until after verdict. The judge then questioned the jury concerning whether any of them knew each other. Mrs. Lord responded that she knew Mrs. Covington, but not "socially." She explained that Mrs. Covington was a cook at the Moose Lodge where she (Mrs. Lord) went for dinner at times. Mrs. Lord stated that she had never been to Mrs. Covington's home and that

Louis V. Cianfrogna, Titusville, Fla., for defendant-appellant.

they had never gone out together, even in a group. Also, Mrs. Lord testified that before the trial began she had asked the court clerk if she should stand up and tell that she knew Mrs. Covington, and the clerk told her that she need not, that "it was not that important."

■ Defendant asserts that the failure of Mrs. Lord or of Mrs. Covington to reveal their acquaintanceship deprived him of his right to a fair jury because it impaired his exercise of peremptory challenges. The general principle is that where juror misconduct is charged the party asserting it must show prejudice by the preponderance of the credible evidence. *U. S. v. Riley,* 544 F.2d 237 (CA5), *cert. denied,* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977); *McMillon v. Estelle,* 523 F.2d 1249 (CA5, 1975); *U. S. v. Wayman,* 510 F.2d 1020 (CA5), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). We have at least implied that prejudice may be conclusively inferred as a matter of law from some nondisclosures, *U. S. v. Nadaline,* 471 F.2d 340 (CA5), *cert. denied,* 411 U.S. 951, 93 S.Ct. 1924, 36 L.Ed.2d 414 (1973). On the other hand, in a habeas case we have declined to adopt a per se rule. *McMillon v. Estelle, supra.* Regardless, there is not, without more, any substantial possibility of prejudice from the casual acquaintance of one juror with another that existed here.[1] We agree with other circuits that where there is juror nondisclosure the defendant does not satisfy the requirement of showing prejudice by merely asserting that he might have used his peremptory challenges differently if disclosure had been made.[2] Safeguarding the right of a defendant to a fair trial does not require adopting a formalistic per se approach that would produce reversible error whenever there have been peremptory chal-

lenges available and nondisclosure of neutral and insignificant information.[3]

■ Defendant's second point concerns his being asked on cross-examination whether a friend who came to his apartment told him that a DEA agent had the apartment under surveillance. This was not evidence of a collateral event introduced to paint defendant as a "bad man" deserving conviction. On direct the defendant had testified that the friend came to the apartment and asked to pick up jewelry. The government was entitled to inquire by cross-examination whether the friend came for a different reason, i. e., to warn of surveillance.

AFFIRMED.

---

1. The parties have not argued that defendant waived the point by asking that it not be inquired into until after the verdict, so we do not discuss this. Also no contention has been made that reversal is required as a therapeutic means because of the participation by court personnel in the error which occurred.

2. *Williams v. U. S.,* 418 F.2d 372 (CA10, 1969); *DeRosier v. U. S.,* 407 F.2d 959 (CA8, 1969).

3. We do not imply, however, that there is a per se rule in the other direction. There could be nondisclosure of information so clearly vital that the defendant's assertion of impairment of peremptory challenges would meet the prejudice requirement. *U. S. v. Nadaline, supra.*