Chester Terrell DURR, Plaintiff-Appellee,

v.

George COOK, Sheriff, Sabine Parish, Louisiana, Defendant-Appellant,

William J. Guste, Jr., Attorney General of Louisiana, Defendant.

No. 78–1195.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1979.

---

James Lynn Davis, Dist. Atty., Many, La., Abbott J. Reeves, Asst. Dist. Atty., Research and Appeals, Gretna, La., for defendant-appellant.

Gahagan & Gahagan, Henry C. Gahagan, Jr., Fred S. Gahagan, Natchitoches, La., for plaintiff-appellee.

Before THORNBERRY, AINSWORTH and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a habeas corpus case in which the petitioner, Chester Terrell Durr, challenges his murder conviction on the ground that a member of his trial jury violated his confrontation and due process rights by participating in an out of court experiment. The Louisiana Supreme Court rejected Durr's arguments by a closely divided court, *State v. Durr*, 343 So.2d 1004 (La.1977), but the United States District Court for the Western District of Louisiana granted Durr habeas corpus relief. The state has taken an appeal from this adverse ruling and because we hold that the evidence is insufficient, on the present state of the record, to grant Durr's requested relief, and that the district court failed to inquire into the existence of prejudice, we reverse and remand for further proceedings.

Durr was tried for the second degree murder of Sammie Mitchell and he fully admits shooting Mitchell, but he argues that the shooting was in self-defense. A brief review of the facts reveals that Mitchell was sitting in the driver's seat of a 1973 Ford pickup truck that was parked on a secluded dirt road. In the cab of the truck with Mitchell were Durr's wife, another woman and a child. According to Durr, he went to speak to the passengers of the truck, but shot Mitchell when "Mitchell simultaneously reached for a rifle which was hanging on a gun rack in the back of the cab, and began opening his door." *State v. Durr*, 343 So.2d at 1005.

After the jury had found Durr guilty of murder, he offered a motion for new trial which alleged that the jury foreman, James Cook, had improperly participated in an out of court experiment. Durr alleged that during the pendency of the trial Cook went to a local Ford dealership and asked to look at a pickup truck. Once in the truck, Durr alleges that Cook made certain twisting movements in an apparent attempt to test Durr's self-defense explanation. Durr further alleges that Cook returned to the jury and reported the findings of his experiment.

At the hearing on the motion for new trial, the owner of the automobile dealership testified that Cook had looked at a pickup truck and had made certain movements within the truck. Cook, however,

was not allowed to testify because the trial judge ruled that La.R.S. 15:470 [1] made him incompetent to impeach his own verdict. The Louisiana Supreme Court affirmed the trial judge, *State v. Durr, supra.*

In the present habeas corpus proceeding, the district court held that the testimony of the automobile dealer was sufficient to show that the foreman "had reenacted the crime, and told the other jury members about his results." *Durr v. Cook,* 442 F.Supp. 489. This, the court held, violated Durr's sixth amendment rights because the foreman's conduct amounted "to taking the truck into the jury room and having it available in deliberations by that body before reaching its verdict of guilty." *Id.*

While any reasonable person would be justifiedly suspicious of the foreman's behavior, we hold that the testimony of the auto dealer is insufficient to support the district court's factual conclusions. We have only a reasonable inference that the foreman participated in an out of court experiment and have no evidence that the foreman returned to the jury room with his conclusions. As stated by the dissenting opinion in the Louisiana Supreme Court:

> The writer tends to think that the testimony of the dealer alone was sufficient to establish prohibited conduct on the part of the jury foreman, which should require a new trial. *However, this is certainly open to question, because the physical acts of the foreman testified to by the automobile dealer could just as well represent conduct unrelated to the case.*

*State v. Durr,* 343 So.2d at 1008 (emphasis added).

1. La.R.S. 15:470 provides:
   No juror, grand or petit, is competent to testify to his own or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit, is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member.

2. In support of this view, Judge Friendly wrote:
   While *Parker v. Gladden,* [385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966)], consistent-

Since the evidence adduced is insufficient to show a violation of Durr's constitutional rights, we further agree with the dissent in the Louisiana Supreme Court that the "testimony of the foreman was really crucial to positively establish conduct which denied defendant his constitutional rights." *Id.* We are faced at this juncture with the prohibition of La.R.S. 15:470 which represents a strong and legitimate public policy of the state of Louisiana. Our task is aided, however, by the forthright admission by the state that the evidentiary rule implicit in La.R.S. 15:470 cannot overcome Durr's constitutional rights. *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Stimack v. Texas,* 548 F.2d 588 (5 Cir. 1977). Since we believe that Durr's constitutional rights take precedent over 15:470, and we think that Durr has presented a substantial claim that his rights may have been violated, we think the foreman must be allowed to testify as to the events in question. Since the state trial court did not take the foreman's testimony, we believe that the state court record is insufficient under 28 U.S.C. § 2254(d)(2) and the United States District Court should take his testimony.

The district court cast its decision in sixth amendment confrontation terms because the court reasoned that the foreman, in effect, became a witness against the accused and the defendant had no opportunity to cross-examine the foreman. In a similar case Judge Friendly suggested that a due process analysis was more appropriate. *United States ex rel. Owen v. McMann,* 435 F.2d 813, 817 (2 Cir. 1970), *cert. denied* 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646.[2]

ly with the precedents it cites, demonstrates the Court's continuing concern with protecting a criminal defendant from the possibility of a verdict based on a consideration of facts not properly before the jury, it is thus not automatically determinative when the extra-record remarks are by jurors themselves. The invocation of the confrontation clause in *Parker* was entirely appropriate to shield the defendant from comments to the jury by one whose statements, if admissible at all, could have properly been received only from the witness stand, subject to the procedural safe-

In our own cases decided under our supervisory power, we have often referred to both modes of analysis. For example, recently in *United States v. Winkle*, 587 F.2d 705, 714 (5 Cir. 1979), we stated that " 'prejudicial factual intrusion' denies a defendant his rights to trial by an impartial jury and to challenge the facts adverse to him that are made known to the jury." *See also United States v. McKinney*, 429 F.2d 1019, 1023 (5 Cir. 1970), *reversed on hearing*, 5 Cir., 434 F.2d 831, *cert. denied*, 401 U.S. 922, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971). ("In every criminal case we must endeavor to see that jurors do not 'testify' in the confines of the jury room concerning specific facts about the specific defendant then on trial."); *United States v. Howard*, 506 F.2d 865, 866 (5 Cir. 1975), ([C]ourts have been continually sensitive to the jeopardy to a criminal defendant's Sixth Amendment rights posed by any jury exposure to facts collected outside of trial.").

While the cases have used two constitutional underpinnings, the cases are universal in requiring that the reasonable possibility of prejudice exists before granting the requested relief.[3] United States *ex rel.* Owen v. McMann, 435 F.2d at 818; *United States v. Winkle*, at 714; *United States v. McKinney*, 429 F.2d at 1025, *reversed on rehearing*, 434 F.2d at 833; *United States v. Howard*, 506 F.2d at 869.

■ In the present case the district court apparently assumed that the testimony of the auto dealer sufficiently proved prejudice. We disagree. On remand, the district court is to determine if the actions called into question were such as to reasonably result in the possibility of prejudice. It is not difficult for us to imagine that the foreman's conduct resulted in the possibility

of prejudice. But, on the other hand, we think that the district court should make sufficient inquiries to determine the true facts. It is not beyond the range of possibility that the foreman was not conducting an experiment, it is also not beyond the range of conjecture that the behavior in question occurred after the jury had rendered its verdict. Furthermore, we do not know what the foreman learned from his experiment nor if he returned to the jury with his knowledge.[4]

All of these inquiries were left unanswered by the district court. We hold that on remand in these proceedings, the district court should fully explore the facts to determine if the possibility of prejudice existed.

REVERSED AND REMANDED with directions.

---

guards which the Sixth Amendment requires. But, so far as we know, the Court has never suggested that jurors, whose duty it is to consider and discuss the factual material properly before them, become "unsworn witnesses" within the scope of the confrontation clause simply because they have considered any factual matters going beyond those of record. To resort to the metaphor that the moment a juror passes a fraction of an inch beyond the record evidence, he becomes "an unsworn witness" is to ignore centuries of

history and assume an answer rather than to provide the basis for one.

3. A demonstration of outside influence on the jury will overcome the presumption of regularity, the burden then shifts to the state to demonstrate that the influence was not prejudicial. *United States v. Winkle*, at 714; *United States v. Howard*, 506 F.2d at 869.

4. Since the vote to convict was 10 to 2, it is not beyond reality to suggest that the foreman voted to acquit.