**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Daniel WILLIAMS,**
**Defendant-Appellant.**

No. 79–3107
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 13, 1980.

Rehearing and Rehearing En Banc
Denied April 7, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Albert M. Horn, W. Bruce Maloy, Atlanta, Ga., for defendant-appellant.

C. Michael Abbott, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Robert Daniel Williams was convicted of conspiracy to manufacture methaqualone in violation of 21 U.S.C. § 846. While a direct appeal of that conviction was pending in this court, appellant filed an extraordinary motion for a new trial, based upon newly discovered evidence of an ex parte communication between one juror and the trial court. Rule 33, Fed.R. Crim.P. This court stayed further proceedings regarding the direct appeal, pending the district court's ruling on the extraordinary motion. After an evidentiary hearing, the district court denied appellant's motion for a new trial, finding the ex parte communication to be harmless error. We affirm.

Williams was indicted along with three codefendants. Defendants Williams and Mitchell pled not guilty, defendant Kiser raised the defense of entrapment, and the fourth defendant pled guilty. At trial, Kiser called several witnesses to testify to his good character and reputation for truth and veracity. At some point during the trial, a juror discovered that she knew one of Kiser's character witnesses. The juror notified the jury foreman of this fact, and at the next recess she was brought to the judge's chambers by his deputy clerk.

During the district court hearing on appellant's motion for a new trial, the juror testified that she had a brief conversation with the judge, witnessed only by his deputy clerk, in which she informed the judge that she was socially acquainted with one of the defense character witnesses. The judge asked the juror if this fact would have any influence on her ability to decide the case, and she said it would not. According to the juror, the judge told her that it would be

"all right" for her to remain a juror under the circumstances.

Appellant, relying on *United States v. United States Gypsum*, 438 U.S. 422, 462, 98 S.Ct. 2864, 2886, 57 L.Ed.2d 854 (1978), contends that the ex parte communication between the judge and juror warrants a new trial because the conversation amounted to a supplemental charge that character evidence is an inferior species of evidence. Additionally, appellant contends that during the evidentiary hearing pertaining to the motion, the district court erred in permitting the Government to probe the internal processes of the juror's mind, when on direct examination the juror was asked whether the ex parte communication influenced her verdict. Rule 606(b), Fed.R.Evid.

■ A motion for a new trial pursuant to Rule 33, Fed.R.Crim.P., is addressed to the sound discretion of the trial judge. *United States v. Antone*, 603 F.2d 566 (5th Cir. 1979); *United States v. Riley*, 544 F.2d 237 (5th Cir. 1976), *cert. denied*, 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977). Accordingly, the denial of such a motion will be reversed only where "it is shown that the ruling was so clearly erroneous as to constitute an abuse of discretion." *United States v. Antone, supra*, 603 F.2d at 568. There has been no such abuse of discretion demonstrated here.

In order to prevail upon a Rule 33 motion a defendant must ordinarily show:

(1) that the evidence was newly discovered and was unknown to the defendants at the time of the trial;

(2) that the evidence was material, not merely cumulative or impeaching;

(3) that it would probably produce an acquittal; and

(4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendants.

*United States v. Antone, supra*, 603 F.2d at 568–69. *See also United States v. Jones*, 597 F.2d 485, 488 (5th Cir. 1979). In most new trial motions based on newly discovered evidence, the proffered evidence goes directly to proof of guilt or innocence. Ad-

mittedly, there are major distinctions in the substance of the evidence proffered by the appellant and that proffered in the usual case, since appellant's evidence goes to the fairness of the trial rather than to the question of guilt or innocence. *See United States v. Jones, supra*, 597 F.2d at 488. However, for this case, a corollary to the third requirement stated above would be that the newly discovered evidence would "afford reasonable grounds to question . . . the integrity of the verdict." *See Southern Pacific Co. v. Francois*, 411 F.2d 778, 780 (5th Cir. 1969) (to warrant reversal, contact with the jury must afford reasonable grounds to question the fairness of the trial or the integrity of the verdict).

■ There is no reasonable likelihood that the ex parte contact of the juror with the district judge here impugned the integrity of the jury's verdict. There is no substantial possibility of prejudice arising from the juror's casual acquaintance with the character witness at trial. *See United States v. Benedetti*, 587 F.2d 728, 730 (5th Cir. 1979) (no substantial possibility of prejudice from the casual acquaintance of one juror with another). Furthermore, there is little likelihood that the juror's contact with the court had any tendency to influence the verdict against defendants. The meeting lasted only a few moments. The sole topics of discussion were the juror's acquaintance with the witness and whether this fact would for some reason call for her disqualification. The juror indicated that she knew the witness only socially, and testified that the judge did not give her any indication of the importance to be accorded a character witness. The district court, therefore, did not abuse its discretion in denying appellant's motion for a new trial.

■ As to appellant's second contention, that the court erred in permitting the Government to probe the thought processes of the juror during the evidentiary hearing on this motion, Rule 606(b), Fed.R.Evid., does prohibit testimony by a juror as to the "effect of anything upon his or any other juror's mind." However, in affirming the district court's order in this case, we have

relied only upon evidence regarding the actual contact of the juror with the trial judge. Evidence regarding the actual conversation with the court is of course admissible under Rule 606(b) as testimony regarding "[an] outside influence . . . improperly brought to bear" upon a juror. See *Durr v. Cook*, 589 F.2d 891 (5th Cir. 1979); *United States v. Benedetti*, 587 F.2d 728 (5th Cir. 1979). There is therefore no merit to this contention.

AFFIRMED.