UNITED STATES of America,
Plaintiff–Appellee,

v.

Stephen L. MASSEY,
Defendant–Appellant.

No. 80–3159
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Nov. 5, 1980.

Rehearing Denied Dec. 2, 1980.

---

Billy J. Jordan, Columbus, Miss., for defendant–appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Stephen L. Massey was convicted on two counts of presenting falsified bills of sale for the purchase of cattle to the Farmers Home Administration (F.H.A.) in order to secure reimbursement under an F.H.A. loan.[1] He was sentenced to serve thirteen months in prison on the first count and was placed on probation for three years on the second count. He appeals only the count for which he was sentenced to imprisonment, alleging that there was insufficient evidence to· prove that he intended to de-

fraud the F.H.A. and that the act proved did not precisely conform to the crime charged in the indictment. Massey also contends that the trial court erred in denying his motion for a new trial based on newly discovered evidence. We find no merit to any of these contentions and therefore affirm the conviction.

In March 1976 the F.H.A. granted Massey's application for an $18,000 loan to purchase cattle. In addition to other security, F.H.A. required that Massey agree to give F.H.A. a security interest in any cattle acquired with the loan funds and placed the funds in a joint account to be disbursed only as cattle were purchased. On March 8, 1976, a check was issued from the joint account in the amount of $6,150, marked "[r]eimbursement for personal funds used to purchase 35 head grown cows and 2 baby calves." An F.H.A. bill of sale form, signed by Don Miller, dated March 8, 1976, and relating to the sale of thirty–five cows and two calves to Massey, was received by F.H.A. The parties contest whether or not Massey showed the bill of sale to F.H.A. on March 8 before F.H.A. issued the check; testimony of an F.H.A. employee indicated that she received it in the mail on March 23, 1976, but that Massey might also have shown it to her on March 8. The employee testified that she would not have released the money on March 8 without seeing a bill of sale or receiving assurances that a sale was imminent and a bill of sale forthcoming. Don Miller testified that he did not sign the bill of sale and did not sell any cattle directly to Massey.

The Government contended that Massey presented the bill of sale to the F.H.A. on March 8 knowing that it was false and forged. Massey, on the other hand, claimed

---

1. The indictment charged Massey with violating 18 U.S.C. § 495, which states:

 Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or

 Whoever transmits to, or presents at any office or officer of the United States, any such writing in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited–

 Shall be fined not more than $1,000 or imprisoned not more than ten years, or both.

that he never presented the bill of sale to the F.H.A. and did not know how it came into their possession. The jury apparently did not believe Massey, and convicted him on both counts after deliberating for one hour.

 In this appeal, Massey first contends that the Government did not present sufficient evidence to prove that he intended to defraud the F.H.A. Specifically, he makes two contentions. First, Massey claims that the evidence shows that if he did present the bill of sale to the F.H.A. it was after the check was issued and therefore could not have been presented with the intent to obtain the funds. Specific intent to defraud the Government is an element of the offense with which Massey is charged. *United States v. White*, 611 F.2d 531, 538 (5th Cir. 1980). In this case, the indictment did allege intent to defraud, the judge instructed the jury that it had to find intent to defraud in order to convict, and the jury apparently found such intent. To determine whether the evidence was sufficient to support the jury's verdict, we must view the evidence in the light most favorable to the Government and resolve all questions of credibility in the Government's favor. *United States v. Hitsman*, 604 F.2d 443, 446 (5th Cir. 1979). Under this standard, we find that there was sufficient evidence for the jury to conclude that Massey showed the bill of sale on March 8 with intent to defraud the F.H.A. We also find that there was sufficient evidence for the jury to conclude that even if Massey presented the F.H.A. with the bill of sale after it issued the check on March 8, he did so with intent to defraud the F.H.A.

 Massey's second claim of insufficient evidence is based on his contention that the Government did not prove that he did not in fact purchase thirty–seven head of cattle, either from Don Miller or someone else, on March 8. Once again, looking at all the evidence, particularly the testimony of Don Miller that he did not sell the cattle represented·in the bill of sale to Massey, we find that there was sufficient evidence to support the verdict.

 Massey next contends that the Government did not prove its case because the indictment charged him with "presenting" the bill of sale to the F.H.A. while the testimony indicates that the bill of sale was received by the F.H.A. in the mail. This contention is frivolous. First, there is sufficient evidence to support a jury finding that Massey did personally show the bill of sale to the F.H.A. employee on March 8. Second, even if we assume that the document was mailed rather than personally presented, we find the variance between the proof and the indictment did not affect the substantial rights of the defendant and does not require reversal of the conviction. *United States v. Cook*, 586 F.2d 572, 575 (5th Cir. 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

 Finally, Massey contends that the trial court erred in denying his motion for a new trial based on newly discovered evidence. The new evidence, derived from statements made by Massey's brother, consists of testimony that Massey's father, now deceased, in fact forged or arranged for the forgery of the bills of sale. We find that the trial court did not abuse its discretion in denying the motion for a new trial based on this evidence. *United States v. Williams*, 613 F.2d 573, 575 (5th Cir. 1980). The proffered new evidence appears to be merely cumulative, to be unlikely to change the outcome of the trial, and to have been easily discoverable with due diligence prior to the trial. The evidence may even be considered immaterial, since it goes to the question of·who forged the document, and Massey was charged with knowingly presenting a forged document, not necessarily with forging it himself.

For the foregoing reasons, the conviction is

AFFIRMED.